*In re* MARCOS A. FELICIANO CRESPO, querellado.

*Número:* CP-90-99 · *Resuelto:* 3 de diciembre de 1992

*Jorge E. Pérez Díaz, Procurador General, Norma Cotti Cruz, Subprocuradora General, Ivonne Casanova Pelosi y Ricardo E. Alegría Pons, Procuradores Generales Auxiliares*, abogados del querellante; *Noel Colón Martínez y José R. Lebrón Velázquez*, abogados del querellado.

PER CURIAM:

## I

El Procurador General formuló una querella contra el notario Marcos Feliciano Crespo, imputándole tres (3) violaciones a la Ley Notarial de Puerto Rico consistentes en haber autenticado las firmas de seis (6) personas en afidávit para traspasar unos vehículos de motor, sin que los supuestos otorgantes comparecieran ante él.

Inicialmente, el querellado Feliciano Crespo negó los hechos. Designamos al ex Juez Superior José M. Aponte Jiménez Comisionado Especial para recibir y aquilatar la prueba y rendirnos un informe.

Durante la vista[1] se estipuló y se sometió la controversia por el informe rendido por el Procurador General con anterioridad a la presentación de la querella, *entendiéndose como una aceptación libre, voluntaria y espontánea de las faltas imputadas.*[2]

Conforme a dicha prueba y a dichas estipulaciones, el Comisionado Especial formuló las determinaciones de hecho siguientes:

El querellado, Marcos Feliciano Crespo, fue admitido al ejercicio de la abogacía el 28 de marzo de 1957. Se le autorizó a ejercer como notario el 20 de abril de 1959.

Conforme el resultado de la evidencia aportada, en funciones de notario, el 25 de agosto de 1981 autorizó el *affidavit* 12,319. Certificó la legitimación de las firmas de la señora Ednydia López Nieves y la del señor Luis González Lugo como vendedora y comprador respectivamente, las cuales aparecen al dorso de la licencia de vehículo de motor número 0331371 en el espacio provisto para el cambio de dueño del vehículo mediante traspaso. Acreditó con ello que dichas personas suscribieron el documento en su presencia.

Igualmente, el 9 de agosto de 1983, autorizó el *affidavit* 14,949. Certificó la legitimación de las firmas de los señores Ercito Trujillo Cardona y Carlos Irizarry Ponce como vendedor y comprador respectivamente, las cuales aparecen al dorso de la licencia de vehículo de motor número 2-1945992 correspon-

---

[1] Por no contar con la prueba necesaria, el Procurador General desistió del cargo relativo a las firmas de la Sra. Marlyn Suárez Rodríguez y el Sr. Firpo Díaz.

[2] Se admitieron como evidencia las dos (2) licencias de vehículos de motor donde figuran los traspasos notarizados y, por estipulación, las declaraciones juradas prestadas por los testigos Ercito Trujillo Cardona, Raúl Esteves Hernández, Benjamín Nieves Santiago y Luis González Lugo en torno a las faltas imputadas.

Además, se estipuló que el querellado Feliciano Crespo es y ha sido un ciudadano ejemplar en todos los órdenes de su vida. Aparte de ser abogado, ostenta el grado de Maestro de Divinidad en el Concilio Evangélico de Puerto Rico y pertenece al Tribunal Eclesiástico Nacional del *Presbyterian Church of the United States*. La Iglesia Presbiteriana, sínodo de Puerto Rico, ha acordado, tomando en consideración su preparación teológica y sus conocimientos, ordenarle al Santo Ministerio próximamente.

diente a un vehículo Chevrolet 1983 en el espacio provisto para el traspaso de dicho vehículo al dorso de la licencia.

Las personas cuya legitimación de firmas certificó el notario querellado al autorizar los mencionados *affidavits* 12,139 y 14,949, *no comparecieron ante él al suscribir los traspasos en las licencias de los vehículos aludidos en los cargos I y II de la querella.* Las firmas de Ednydia López Nieves en el *affidavit* 12,139 y la de Ercito Trujillo Cardona en el 14,949, ambas como vendedores, *no corresponden a la de las personas que representan.*

Las actuaciones del notario querellado que producen la presente querella no perjudicaron a terceras personas. Estuvieron ajenas y no forman parte de una intención fraudulenta. (Énfasis suplido y en el original.) Informe, págs. 3–4.

## II

La presente querella representa una más de numerosas instancias en que notarios de experiencia incumplen con el mandato legal en que se apuntala la Ley Notarial de Puerto Rico: la fe de conocimiento de los otorgantes.

*Sin la fe del conocimiento, sobran los notarios.* Por ende, su inobservancia es una falta grave sujeta a *estrictas medidas disciplinarias. In re Echevarría González*, 116 D.P.R. 423, 424 (1985); *In re Félix*, 104 D.P.R. 379 (1975). *Las violaciones en declaraciones juradas de vehículos de motor no son la excepción. In re Nieves Rivera*, 124 D.P.R. 803 (1989); *In re González González*, 119 D.P.R. 496 (1987). Incumplimientos notariales de este género hacen viable que vehículos hurtados adquieran *status* de legitimidad.

Vista la extensa obra notarial que por varias décadas ha acumulado el querellado Feliciano Crespo, su previo historial limpio y el carácter aislado de estas violaciones, *se le suspende del ejercicio de la notaría por el término de seis (6) meses.*

*Se dictará sentencia de conformidad.*